**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000655
30-APR-2020
07:44 AM

NO. CAAP-18-0000655

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JIMMY MOON LEE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DCW-16-0004128)

SUMMARY DISPOSITION ORDER
(By: Chan, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Jimmy Moon Lee (**Lee**) appeals from the January 29, 2018 Judgment and Notice of Entry of Judgment (**Judgment**) and the July 27, 2018 Notice of Entry of Judgment and/or Order (**Amended Judgment**), both entered by the District Court of the First Circuit, Honolulu Division (**District Court**).[1] After a bench trial, the District Court convicted Lee of one count of harassment, in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1)(a) and/or (b),[2] sentenced him to six months

---

[1] The Honorable Blake T. Okimoto entered the Judgment, and the Honorable James S. Kawashima entered the Amended Judgment.

Lee also appeals from the July 23, 2018 Notice of Entry of Judgment and/or Order, but makes no discernable argument with respect to it. Therefore, any points regarding the July 23, 2018 judgment are deemed waived. See Hawai'i Rules of Appellate Procedure Rule 28(b)(4) and (7).

[2] HRS § 711-1106(1)(a) and (b) (2014) provides, in relevant part:

> **Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
>
> (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact; [or]
>
> (b) Insults, taunts, or challenges another person in

continue...

of probation, and ordered, among other things, a restitution study. The District Court subsequently ordered Lee to pay restitution to the complaining witness (**CW**) in the amount of $419.85 (**restitution amount**).

On appeal, Lee contends that: (1) there was insufficient evidence to support his conviction for harassment; and (2) the District Court abused its discretion in ordering restitution absent a hearing in which Lee could dispute the restitution amount.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Lee's contentions as follows.

**(1)   Sufficiency of the Evidence.**

Lee argues that there was insufficient evidence to establish that he, with the intent to harass, annoy, or alarm the CW:  (a) touched the CW in an offensive manner, or (b) taunted or challenged the CW in a manner that would cause him to reasonably believe that Lee intended to cause bodily injury.  Lee's argument is without merit.

Sufficient evidence to support a conviction requires substantial evidence as to every material element of the offense charged.  State v. Grace, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005).  Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id.  The evidence must be "viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," who must "determine credibility, weigh the evidence, and draw justifiable inferences of fact."  Id.

Upon review of the record, we conclude that the State adduced sufficient evidence to support Lee's conviction for

---

[2]/...continue
                    a manner likely to provoke an immediate violent
                    response or that would cause the other person to
                    reasonably believe that the actor intends to
                    cause bodily injury to the recipient or another
                    or damage to the property of the recipient[.]

harassment. First, substantial evidence supported the conviction under HRS § 711-1106(1)(a). At trial, the CW testified as follows: He was driving his taxi at the airport when Lee made eye contact with him and said, "What the fuck you looking at," or "what are you looking at, you fucking [sic]." Wanting to avoid a fight, the CW proceeded to exit the area; however, traffic prohibited him from quickly driving away, and Lee followed him on foot. The CW got out of his vehicle and asked Lee, "what's your problem?" Lee was swearing and at some point said, "I will choke your neck and kill you." When the CW "scoop down just momentary, [Lee] punched [him]," "once," in the "[n]ose and mouth area." The blow cracked the CW's tooth and caused him to feel pain that was "about a seven" on a scale of one to ten. The CW called the Sheriff's Office; a sheriff arrived and took the CW's statement.

At trial, the District Court found, among other things, that State's Exhibit A, a photograph of the CW's face that was taken by the sheriff, depicted a mark on the CW's lower lip, consistent with the CW's testimony.

Lee argues that other evidence undermined the CW's testimony – namely, the sheriff's testimony that he did not see injuries or redness on the CW's face when he investigated the incident, and the apparent fact that the sheriff was not prompted to request medical attention or told by the CW about his cracked tooth. However, on appellate review for sufficiency of the evidence, the evidence must be considered in the strongest light for the prosecution. State v. Matavale, 115 Hawaiʻi 149, 157, 166 P.3d 322, 330 (2007). Further, we decline to pass upon issues regarding the weight of the evidence, which are within the province of the trier of fact – here, the District Court. See State v. Stocker, 90 Hawaiʻi 85, 90, 976 P.2d 399, 404 (1999). On this record, the evidence was sufficient to support Lee's conviction under HRS § 711-1106(1)(a).

Second, substantial evidence supported the conviction under HRS § 711-1106(1)(b). The CW testified that when Lee said "I will choke your neck and kill you," it made the CW feel "very scared." Again, Lee argues that other evidence undermines the CW's testimony – specifically, the sheriff's testimony that the

CW appeared "a little bit" agitated after the incident, and the apparent fact that when Lee allegedly threatened him, the CW "did not jump back in his car, lock the doors and roll up windows as he drove quickly away from the claimed danger."[3]  But, again, we must consider the evidence in the strongest light for the prosecution, see Matavale, 115 Hawaiʻi at 157, 166 P.3d at 330, and we decline to pass upon issues regarding the weight of the evidence, see Stocker, 90 Hawaiʻi at 90, 976 P.2d at 404.  On this record, the evidence was sufficient to support Lee's conviction under HRS § 711-1106(1)(b).

### **(2)  Restitution**.

Lee argues that the District Court abused its discretion in ordering restitution without holding a hearing. The State concedes this point and maintains that the restitution sentence should be vacated and the case remanded for a restitution hearing.

HRS § 706-646(2) (Supp. 2016) provides, in relevant part:  "The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim."

In State v. DeMello, 130 Hawaiʻi 332, 344, 310 P.3d 1033, 1045 (App. 2013), vacated in part on other grounds, 136 Hawaiʻi 193, 361 P.3d 420 (2015), the court explained:

> In light of the Hawaiʻi statute's requirement that the restitution amount be "reasonable and verified" and that the victim is in the best position to provide information regarding and verification of his or her losses caused by the defendant, we conclude that, where restitution is contested, the burden to present a prima facie showing that the restitution request [meets the statutory requirement] is best placed on the prosecution who brings the restitution motion on behalf of the victim of the crime.
>
> If, on the other hand, the defendant wishes to contest the amounts requested by the victim, the onus is on the defendant to come forward with evidence to support his or her challenge.  We start with the basic premise that the Legislature has made clear that the restitution award "shall

___

[3]  Lee also argues that in assessing the CW's credibility, the District Court failed to give sufficient consideration to the fact that Lee and the CW were "competitors in the taxi business."  Evaluating the credibility of witnesses is "the province of the trier of fact."  See Stocker, 90 Hawaiʻi at 90, 976 P.2d at 404.  On this record, we will not disturb the District Court's finding that the CW was credible.

be a dollar amount that is sufficient to reimburse any
victim fully for losses." HRS § 706-646(3).

At a hearing on July 27, 2018, Lee indicated that he
would contest the CW's request for restitution, and the District
Court stated that it would schedule a "contested hearing."
However, for reasons that are not clear from the record, on the
same date, the District Court filed the Amended Judgment ordering
Lee to pay restitution. Accordingly, it appears that Lee did not
have an adequate opportunity to contest the restitution amount,
as DeMello provides. 130 Hawaiʻi at 344-45, 310 P.3d at 1045-46.
The District Court thus abused its discretion in ordering Lee to
pay restitution without affording him such an opportunity.

**(3) Conclusion**.

For these reasons, we: (1) affirm the District Court's
Judgment and Notice of Entry of Judgment, entered on January 29,
2018; and (2) vacate that portion of the District Court's Notice
of Entry of Judgment and/or Order, entered on July 27, 2018,
which ordered Lee to pay the restitution amount. The case is
remanded to the District Court for further proceedings consistent
with this Summary Disposition Order.[4/]

DATED: Honolulu, Hawaiʻi, April 30, 2020.

On the briefs:

Joanne B. Badua,
Deputy Public Defender,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Derrick H.M. Chan
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[4/]     It appears that following this appeal, on July 10, 2019, the
Adult/Juvenile Community Service and Restitution Unit filed an amended
compliance report in the District Court, indicating that the restitution
amount had been paid in full. There is no indication in the record, however,
that Lee was provided a hearing or other opportunity to contest the
restitution amount prior to making such payment. The proceedings on remand
may depend upon, or be affected by, any further relevant proceedings that may
have occurred in the District Court, including Lee's payment of the
restitution amount.